IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LEROY DONALD NESBIT

VS.                                          CIVIL ACTION NO. 2:09CV156-WAP-DAS

WEST BOLIVAR SCHOOL DISTRICT

## ORDER

This matter is before the court on motion of the plaintiff for leave to file a second amended complaint (# 35). Also before the court is the plaintiff's motion to amend the case management order (# 38). After considering the motions and the responses thereto, the court finds as follows:

### Motion to File Second Amended Complaint

With his first motion, the plaintiff moves to amend his complaint to add new defendants and claims following early discovery and the defendant's motion to dismiss his previously-filed complaint. The defendant objects arguing, among other things, that because the deadline for filing amending pleadings passed nine days before the plaintiff filed the motion, he must show good cause as to why he waited so long to file the motion. The court agrees. As the defendant points out, Rule 16(b) governs amendment of the pleadings after a scheduling order deadline has expired. *See S & W Enterprises, L.L.C. v. SouthTrust Bank Of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause . . . ." Fed. R. Civ. P. 16(b). To determine whether good cause exists, the court looks to: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and

1

(4) the availability of a continuance to cure such prejudice." *See Southwest Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply. In that instance, "rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires,'" *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981), and, therefore, leave to amend should not be denied without a substantial reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After considering the plaintiff's motion and particularly his reply to the defendant's response, the court finds the plaintiff has provided good cause for filing when he did. Specifically, the plaintiff states he filed his motion following the defendant's motion to dismiss, which argued – at least in part – that the complaint was factually deficient. The plaintiff now moves to amend to provide additional facts, and according to the plaintiff, this additional specificity requires additional defendants as well. Without speaking to the merits of the case, of course, the court finds the plaintiff has met his burden. As the fifth circuit has explained: "Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). While the plaintiff did wait longer than he should have, the court finds it would be unjust not to allow him an attempt to remedy procedural defaults at this early stage in the proceedings. Clearly, his amendments in light of the motion to dismiss can be seen as important.

As to prejudice, the court appreciates that the plaintiff filed the present action approximately nine months ago, but trial is still more than ten months away. Consequently, the court sees no prejudice to the defendant. As to the defendant's argument that the newly-added defendants will be prejudiced, surely that is not the "prejudice" contemplated by the doctrine. Finally, because trial is still ten months away, a continuance may well be moot. If not, a short continuance would alleviate any additional timing considerations.

As mentioned *supra*, after finding good cause for the delayed filing, the court then looks to see whether there is evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The defendant argues that the plaintiff's request for an extension of time to respond to its motion to dismiss until after depositions could be taken was "an intentional tactic designed to render moot Defendant's motion to dismiss." While the court follows the logic of the defendant's argument, it appears far too speculative to support an argument that the plaintiff has acted in bad faith. As to the futility of the amendments, the court will not allow amendments that are clearly futile, but the defendant has not shown the amendments to be so facially invalid as to override the liberal allowance provided by Rule 15.

## Motion to Amend the Case Management Order

Because the court grants the plaintiff's motion to amend his complaint, the motion to amend the case management order will be denied as moot. As the plaintiff points out, because the amendment will add new defendants, an entirely new case management order will be entered following a case management conference set shortly after the new defendants have filed

3

responses to the amended complaint.

IT IS, THEREFORE, ORDERED that the plaintiff's motion for leave to file a second amended complaint (# 35) is hereby GRANTED. Despite the inclusion of the amended complaint with his motion, the plaintiff must file separately an amended complaint within five days of entry of this order.

IT IS FURTHER ORDERED that the plaintiff's motion to amend the case management order (# 38) is hereby DENIED AS MOOT.

SO ORDERED, this the 25th day of June 2010.


/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE