IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**LEROY DONALD NESBIT,**                                          **PLAINTIFF,**

**VS.**                                                   **CIVIL ACTION NO. 2:09CV156-P-S**

**WEST BOLIVAR SCHOOL DISTRICT;**
**HENRY PHILLIPS, JR. and MANIKA**
**KEMP, In Their Individual Capacities,**                     **DEFENDANTS.**

**ORDER**

These matters come before the court upon Defendants Henry Phillips, Jr. and Manika Kemp's motions to dismiss the plaintiff's claims against them in their individual capacities pursuant to the doctrine of qualified immunity [docket numbers 59 and 71, respectively]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

The Second Amended Complaint alleges *inter alia* that the Superintendent of the West Bolivar School District, Henry Phillips, Jr., and the principal of West Bolivar High School, Manika Kemp, are liable in their individual capacities for violating his constitutional rights. The Second Amended Complaint does not clearly delineate which claims are asserted against each individual defendant regarding the particular adverse employment action. After consideration, the claims can be described as follows.

The plaintiff alleges that Superintendent Phillips violated his 14th Amendment rights of equal protection and due process and his right against race discrimination under Section 1981 by relying "100 percent" on the recommendation of Principal Kemp to transfer the plaintiff to teach at the Alternative School on March 17, 2009 a couple of weeks before the school year ended and later recommending to the School Board the non-renewal of the plaintiff's teaching contract for a third

1

year.

The plaintiff alleges that his principal at the time, Manika Kemp, violated his constitutional right against race discrimination by allegedly harassing him because of his race and recommending to Superintendent Phillips that the plaintiff be transferred.

The West Bolivar School Board, Superintendent Phillips, and Principal Kemp are black. The plaintiff is white.

Both defendants have filed motions to dismiss the plaintiff's claims in their individual capacities arguing they are entitled to qualified immunity.

Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law. 42 U.S.C. § 1983.

When "evaluating § 1983 claims based on allegedly unconstitutional conduct by state actors [courts] should conduct a two-prong inquiry to determine whether the state actors are entitled to qualified immunity. 'The first inquiry must be whether a constitutional right would have been violated on the facts alleged.' 'If a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established.' Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon*, 305 F.3d at 322-323 (citing *Siegert v. Gilley*, 500 U.S. 226, 232-34 (1991); *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

Qualified immunity is an "*immunity from suit* rather than a mere defense to liability." *Michell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Thus, "the defense is intended to give

government officials a right not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery ... as [i]nquiries of this kind can be peculiarly disruptive of effective government." *McClendon*, 305 F.3d at 323 (internal citations omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)). Therefore, "adjudication of qualified immunity claims should occur 'at the earliest possible stage in litigation.'" *Id*. (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). At a stage earlier than summary judgment, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective reasonableness.' On summary judgment, however, the plaintiff can no longer rest on the pleadings ... and the court looks to the evidence before it (in the light most favorable to the plaintiff) when conducting the *Harlow* inquiry." *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

For ease of reference, there are three basic events of which the plaintiff complains: (1) racial harassment by Principal Kemp; (2) Superintendent Phillips' March 17, 2009 transfer of the plaintiff to the Alternative School just a few weeks before the 2008-09 school year ended upon the recommendation of Principal Kemp; and (3) the School Board's April 15, 2009 decision to not renew the plaintiff's teaching contract for a third year.

There are also three alleged constitutional violations: (1) race discrimination in violation of 42 U.S.C. § 1981; (2) race discrimination in violation of the 14th Amendment's Equal Protection Clause; and (3) violation of the plaintiff's 14th Amendment due process rights.

With regard to Superintendent Phillips, the plaintiff has demonstrated neither objectively

3

unreasonable conduct nor violation of clearly established rights.

As to the § 1981 race discrimination claim against Superintendent Phillips, it is undisputed that the plaintiff never made race-based complaints to the Superintendent. The plaintiff has made no specific allegations of racial animus by the Superintendent. Accordingly, Superintendent Phillips cannot be said to have been involved in the claim of racial harassment by Principal Kemp. Furthermore, the plaintiff has neither shown that the Superintendent acted in an objectively unreasonable manner by accepting Principal Kemp's recommendation that the plaintiff be transferred to the Alternative School, nor by the Superintendent's role in not renewing the plaintiff's teaching contract for a third year. It bears repeating that the record does not show any specific factual allegations that the Superintendent was aware of any racial complaints by the plaintiff.

As to the 14th Amendment equal protection race discrimination claim against Superintendent Phillips, the plaintiff has not shown that the subject transfer violated a clearly established constitutional right since he has not shown that he had a protected property interest in specific employment as a public employee. Even if such a property interest were protected, the plaintiff shown that the Superintendent's reliance on a principal's recommendation to transfer a teacher is objectively reasonable. Regarding the non-renewal of the plaintiff's contract, the plaintiff did not have a protected property interest in renewal. *See Pruett v. Dumas*, 914 F.Supp. 133, 138 (N.D. Miss. 1996) (after a teacher's contract expires, he does not have a protected property interest in renewal of that contract). Therefore, the plaintiff has not shown that he had a clearly established right to renewal.

Similarly, the Superintendent is shielded by qualified immunity against the plaintiff's 14th Amendment due process claims. The plaintiff has not met his burden in showing that the transfer

4

and/or non-renewal of his contract violated a clearly established constitutional right since he has not shown that he possessed a protected property interest obviating either employment action. Nor has the plaintiff shown that the Superintendent acted in an objectively unreasonable manner in the transfer and non-renewal of the contract.

The court turns to Principal Kemp. Since Principal Kemp was not the ultimate decision-maker in the plaintiff's transfer and non-renewal (rather, the School Board and the Superintendent were), the plaintiff's constitutional claims based on these two employment events are inapplicable to her. This leaves the § 1981 race discrimination claim.

In order to defeat the principal's assertion of qualified immunity, a plaintiff "must demonstrate prior to discovery that [his] allegations are sufficiently fact-specific to remove the cloak of protection afforded by a [qualified] immunity defense." *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 620 (5th Cir. 1992). However, when ruling upon a qualified immunity issue, the court is to take the alleged facts "in a light most favorable to the party asserting the injury." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

"Under § 1981 as amended by the [1991] Act, racial harassment and other discrimination in an employment relation occurring after contract formation is actionable." *Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, 1372 (5th Cir. 1992). Claims of racial discrimination made pursuant to § 1981 are analyzed identically to Title VII race discrimination claims. *Jones v. Robinson Property Group,*

*L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).[1]

"Title VII discrimination can be established through either direct or circumstantial evidence" and when a case is based on circumstantial evidence, the court should look to the *McDonnell Douglas* test. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

"Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination." *Laxton*, 333 F.3d at 578. (internal citations omitted). For the instant plaintiff, a prima facie case of race discrimination requires proof that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and (4) similarly-situated individuals of another race were treated more favorably. *See McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

The court concludes that the plaintiff has demonstrated a prima face case of race discrimination because: (1) as a white person, he belongs to a protected class; (2) he was qualified for his job; (3) he alleges he was subjected to adverse employment actions in the form of harassment, transfer and/or non-renewal; and (4) he was replaced by a black teacher.

The burden now shifts to the employer to produce a legitimate, nondiscriminatory reason for the adverse employment action(s). *Laxton*, 333 F.3d at 578. Though not entirely clear, it appears that the defendant contends that the plaintiff had performance issues which lead to his transfer and non-renewal.

Since Principal Kemp's proffered reasons for the adverse employment actions are non-discriminatory, the burden shifts back to the plaintiff who "bears the ultimate burden of persuading

---

[1] "[T]he only substantive differences between [§1981 and Title VII] [is] their respective statute of limitations and the requirement under Title VII that the employee exhaust administrative remedies." *Jones*, 427 F.3d at 992.

the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against her because of her protected status." *Laxton*, 333 F.3d at 578. (internal citations omitted).

The defendant makes much ado about characterizing the plaintiff's allegations of race discrimination as merely conclusory and the like – arguing as well that other than the plaintiff's assertions, there is no evidence of race discrimination. The defendant ignores, however, the fact that the plaintiff's own sworn allegations also constitute evidence which, like any other evidence, is for the jury to weigh. Indeed, the entire reason for the *McDonnell Douglas* burden-shifting test is to evaluate circumstantial evidence of race discrimination since such discrimination is usually insidious, rendering direct evidence elusive. In any event, it is not the duty of the court at this moment to determine whether or not Principal Kemp is in fact liable for race discrimination against the plaintiff. Rather, the court has been tasked with determining whether Principal Kemp is entitled to qualified immunity against the claim and therefore entitled to not have to defend herself against the claim any further. The court has determined that, after viewing the alleged facts in a light most favorable to the plaintiff, the plaintiff has met his burden in showing that Principal Kemp's racial discrimination, as alleged, violated the plaintiff's clearly established right not to be subject to racial harassment by his superior in the workplace and that such conduct, if true, was not objectively reasonable. Accordingly, Principal Kemp is not entitled to qualified immunity on the § 1981 racial harassment claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Henry Phillips, Jr. motion to dismiss the plaintiff's claims against him in his individual capacity pursuant to the doctrine of qualified immunity [ 59] is **GRANTED**; therefore,

(2) All of the plaintiff's claims against Henry Phillips, Jr. in his individual capacity are

**DISMISSED WITH PREJUDICE**;

(3) Defendant Manika Kemp's motion to dismiss the plaintiff's claims against him in his individual capacity pursuant to the doctrine of qualified immunity [71] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(4) The motion is granted insofar as the plaintiff's 14th Amendment Due Process and Equal Protection Claims made via 42 U.S.C. § 1983 against Manika Kemp are **DISMISSED WITH PREJUDICE**; while,

(5) The motion is denied insofar as the plaintiff's race discrimination claim pursuant to 42 U.S.C. § 1981 against Manika Kemp remains.

**SO ORDERED** this the 18th day of March, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE